## SECOND NATL BANK v BURSLEY et

Ohio Appeals, 9th Dist, Lorain Co

No 705.   Decided Jan 17, 1935

D. B. Symons, Elyria, for plaintiff.

Stetson & Butler, Elyria, and Peter E. Klein, Cleveland, for defendants G. F. Bursley, Neva M. Ringler, H. J. Ringler, and C. R. Aldrich.

Baird & Vandemark, Elyria, for defendant The Wellington Savings & Loan Co.

## OPINION

By FUNK, J.

Plaintiff claims that as said J. L. Williams, at the time he sold his stock in said Gas-Electric Refrigeration Corp. in June, 1929, and before he accepted said note for $7,000 as part consideration therefor, examined the records of Lorain County, which records at that time showed the record title in the defendant Bursley for said 175 acres of land clear of encumbrances except said mortgage for $400 to the Wellington Savings & Loan Co., and that as said deed from said Bursley to his daughter was without consideration and was not filed for record until after said Williams had extended credit on the strength of said Bursley being the owner of said 175 acres of land; that said deed should be set aside as having been made to defraud the creditors of said Bursley.

Plaintiff further claims that, as there was no new consideration for the mortgage for $4,000, given to the Wellington Savings & Loan Co. after said Williams had examined the records for the purpose of extending credit to said Bursley, to correct said former mortgage for $400, the claim of said loan company above the $400 mortgage on record at the time said Williams so examined said records should be declared subsequent to the lien of plaintiff under its judgment on said $7,000 note, and that, as judgment had been obtained in Lorain County on said $7,000 note, and notice had been served on said Neva M. Ringler of proceedings in aid of execution in an effort to collect the amount of said judgment prior to the time she gave the chattel mortgage to C. R. Aldrich for $3,000, plaintiff should be entitled to a preference for the amount of its judgment in the personal property described in the petition as against the lien of said chattel mortgage thereon; it being the contention of counsel for plaintiff that, as said mortgage for $4,000, given to correct said former mortgage for $400, and said chattel mortgage for $3,000, were

both given for a pre-existing debt and not for any new consideration, plaintiff is entitled to priority over them on its judgment.

There is no claim that any execution was ever issued and levied upon personal property involved in the instant case. Plaintiff bases its contention that said transfers of real and personal property by Bursley to his daughter should be set aside, and its claim that it should have priority over the mortgages, except the one for $400 to the Wellington Savings & Loan Co., entirely upon the testimony of said Williams that he examined the records of Lorain County and gave credit to said Bursley upon the information he obtained therefrom, to the effect that said Bursley was then the owner of the record title to said property clear of encumbrance except said mortgage for $400, and the fact that said daughter did not file her deed and bill of sale and said loan company did not obtain and file its mortgage for $4000, given to correct the mortgage for $400, until after said Williams had accepted said note for $7,000, signed by said Bursley and the two Ringlers, and upon the further fact that notice of proceedings in aid of execution on said judgment had been served upon said Neva M. Ringler prior to the time she executed and delivered said chattel mortgage to said C. R. Aldrich for $3,000.

Of course, if the evidence is not such as to warrant the setting aside of said deed and bill of sale to Neva M. Ringler, then plaintiff can have no lien on the properties therein described, and the question of priority as between plaintiff and said several mortgagees does not arise.

It will be noted that said deed from said Bursley to Neva M. Ringler and the bill of sale from him to her were given before said Bursley and said Williams ever heard of each other, and before said Williams purchased stock in said Refrigeration Corp., and long before said Bursley and the two Ringlers thought of purchasing the stock of said Williams in said corporation.

It thus clearly appears that said deed and bill of sale were executed and delivered by said Bursley to his daughter long before he became indebted to said Williams, and when said Bursley had a right to give said property to his daughter if he desired so to do. The mere fact that she did not promptly file her deed would not make the transfer void as to subsequent creditors of her father.

It will be further noted that said deed and bill of sale were recorded more than six months before plaintiff obtained judgment on said $7,000 note. Also that the new mortgage for $4,000 to the Wellington Savings & Loan Co. to correct the mortgage for $400, was executed and delivered and recorded long before the judgment against Bursley et, was obtained on said $7,000 note.

There is no evidence that any of said transactions were entered into for the purpose of defrauding the plaintiff or anyone else. The only claim of any evidence of fraud is such claimed inferences as counsel for plaintiff claims may be drawn from the instruments themselves, the relationship of the parties thereto, the dates of the instruments, and the times of filing them for record, when considered in reference to the time said Williams claims to have examined the records of Lorain County and accepted said note for $7,000 and the time it was reduced to judgment and when proceedings in aid of execution thereon were commenced.

Moreover, there is no evidence that said daughter or any of the parties to whom she executed mortgages on said real and personal property, had any knowledge of any intention on the part of said Bursley to defraud plaintiff or anyone else, and there is no evidence that said daughter even knew of the indebtedness of her father on said note until after she received notice of the procedings in aid of execution in July, 1930, and long after the transfers to her and the execution and delivery of the new mortgage to the Wellington Savings & Loan Co. for the purpose of correcting the former mortgage for $400 had been made and recorded.

The only evidence as to the several instruments of conveyance involved in this case, aside from the instruments themselves, is the testimony of the parties to them, and there is nothing in their testimony to sustain the charge of fraud.

Under the evidence in this case, we think there can be no doubt of the legality of the several transfers of said property from said Bursley to his daughter. We therefore find that plaintiff is not entitled to have said deed or bill of sale from Bursley to his daughter set aside.

Having concluded that said daughter legally became the owner of said real and personal property long before her father became indebted to said Williams, and that said transfers and said mortgage to the Wellington Savings & Loan Co. were recorded long before said loan company and said daughter even knew of the indebted-

ness of her father on said note to said Williams and plaintiff, and before said note was reduced to judgment, we hold that she had a perfect right to do what she desired to do and did do with her property, and that said mortgage to the Wellington Savings & Loan Co. for $4,000 and said chattel mortgage to C. R. Aldrich for $3,000 were perfectly valid and legal as against plaintiff's said judgment.

Finding as we do, a decree may be drawn in favor of defendants and the petition dismissed at the costs of plaintiff.

WASHBURN, PJ, and STEVENS, J, concur in judgment.